UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KIRKSEY McCORD NIX, JR.,              ) | |
|                                                              ) | |
|           Petitioner,      ) | |
|                                                              ) | |
| vs.                                                       ) | No. 2:15-cv-66-WTL-DKL |
|                                                              ) | |
| CHARLES DANIELS, Warden,         ) | |
|                                                              ) | |
|           Respondent.   ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Kirksey McCord Nix, Jr. is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

Nix is serving a life sentence imposed by the United States District Court for the Southern District of Mississippi following convictions for: conspiracy to commit racketeering (18 U.S.C. § 1962(D)); engaging in racketeering enterprise (18 U.S.C. § 1962(C)); wire fraud (18 U.S.C. § 1342); conspiracy to commit wire fraud (18 U.S.C. § 1956; conspiracy to escape (18 U.S.C. § 371; conspiracy, wire fraud (18 U.S.C. §§ 371, 1343); interstate commerce murder for hire (18 U.S.C. 9158(A)); interstate transportation in aid of unlawful activity (18 U.S.C. 1952(A)); and conspiracy to possess marijuana with intent to distribute (21 U.S.C. § 846). *See United States v. Nix*, 996 F.2d 308 (5th Cir. 1993) (unpublished). Following his direct appeal, Nix filed a motion for new trial, a motion for relief pursuant to 28 U.S.C. § 2255, and two other actions for post-conviction relief—all of which were denied.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

In the present case, Nix invokes 28 U.S.C. § 2241, arguing that he is actually innocent in light of the decision in *Rosemond v. United States,* 134 S. Ct. 1240 (2014). In *Rosemond,* the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense. The Supreme Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." *Rosemond,* 134 S. Ct. at 1249. A conviction for aiding-and-abetting "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id.* at 1248. Further, "the intent must go to the specific and entire crime charged." *Id.* For example, in *Rosemond,* intent was required for the full scope of a § 924(c) violation (predicate drug crime plus gun use). *Id.* The Court explained, "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something

that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* (quoting *Nye & Nissen v. United States,* 336 U.S. 613, 619 (1949)).

"The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law." *Berry v. Capello,* 576 F. App'x 579, 592 (6th Cir. 2014). However, the consensus among courts which have addressed this issue have determined that, because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review. *See, e.g., United States v. Davis,* 750 F.3d 1186, 1192–93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond,* a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Watford v. Matevousian,* No. 1:15–CV–5–LJO–MJS, 2015 WL 1498859, at *3 (E.D.Cal. Mar. 31, 2015) (refusing to apply *Rosemond* retroactively to the prisoner's § 2241 petition because the Supreme Court did not identify its holding as being retroactively applicable); *Whitted v. Coakley,* 2014 U.S. Dist. LEXIS 156697 (N.D.Ohio Nov. 5, 2014); *Montana v. Cross,* No. 3:14–CV–01019, 2014 WL 5091708, at *3 (S.D.Ill. Oct. 10, 2014) (denying § 2241 petition because the petitioner's reliance on *Rosemond* "does not bring his claim within the savings clause," and stating, "The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to a case on collateral review."); *Taniguchi v. Butler,* No. 6:14–CV–120–KKC, 2014 WL 5063748, at *5 (E.D.Ky. Oct. 8, 2014) (denying federal prisoner's § 2241 habeas petition based on *Rosemond* claim); *United States v. Foreman,* No. 02–CR–135–TCK, 2014 WL 4403445, at *1 (N.D.Okla. Sept. 5, 2014). These courts have it right. *Rosemond* does not apply retroactively to cases on collateral review.

Even if the court concluded otherwise with respect to retroactive application, moreover, Nix is not entitled to relief. As was the case in *Berry,* the trial evidence supported the jury's

determination that Nix possessed a state of mind extending to each of the crimes, including the necessary intent to aid and abet each of the crimes with which he was charged and of which he was convicted.

The dispositive question here is whether Nix's habeas claim permits him to traverse the portal created by § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). Nix has not met that burden. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). The second and third *Brown* factors are absent here. Nix is not entitled to additional collateral review, based on *Rosemond* or any other circumstance.

Based on the foregoing explanation, Nix has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/22/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KIRKSEY MCCORD NIX, JR.
20921-077
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel