UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KIRKSEY McCORD NIX, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00066-WTL-DKL |
| | ) | |
| CHARLES DANIELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment[1]**

**I.  Statutory Structure**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974). Relief under 28 U.S.C. § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice," including where the sentence imposed by the court exceeded the maximum sentence authorized by law. *Blake v. United States,* 723 F.3d 870, 878–79 (7th Cir. 2013); 28 U.S.C. § 2255(a). The "essential function" of § 2255 "is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998).

---

[1] The decision reported as *Nix v. Daniels*, 2015 WL 4507195 (S.D.Ind. July 22, 2015), was vacated on October 8, 2015.

1

Section 2255 is not wholly exclusive, however. "A federal prisoner may use a [28 U.S.C.] § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*)(quoting *Davenport*, 147 F.3d at 609). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* Thus, it is the inefficacy of the remedy, not the personal inability to use it, which is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios,* 696 F.3d at 640) (internal citations omitted).

## II. Background

The present action is brought by Kirksey McCord Nix, Jr., who is confined within this District. Nix seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). The facts associated with Nix's convictions were summarized in the decision in his direct appeal.

> The underlying conspiracy in this case was masterminded by Kirksey M. Nix while serving a life sentence in the state prison at Angola, Louisiana. Nix orchestrated a scam operation to defraud homosexuals of money, using both

2

>telephone and telegraph services, in hopes of obtaining funds sufficient to buy his way out of prison. The scam involved the placement of magazine advertisements seeking homosexual liaisons. When an interested person would respond, Nix or one of his associates would pretend to be in financial difficulties. The victim would be asked to wire money to one of Nix's associates in order to relieve the financial difficulties. Afterwards, then, the liaison could take place.
>
>In perpetrating this scam, Nix enlisted the aid of several individuals outside the confines of prison. These supporting players included: (1) Mike Gillich, Jr., owner and operator of the Golden Nugget, a night club and strip joint in Biloxi, Mississippi; (2) John Ransom, a parolee from a Georgia prison; (3) LaRa Sharpe, Nix's girlfriend and a paralegal; (4) Peter Halat, mayor of Biloxi and an attorney (also the employer of Sharpe and former law partner of Vincent Sherry), who acted as a trustee for a firm trust account maintained by Nix; (5) Arthur Mitchell and Robert Hallal, former prisonmates of Nix in Angola and participants in the scam (presented as government witnesses); and (6) various other participants in the scam, most notably Kellye Dawn Nix (Nix's stepdaughter and wife) and Juanda Jones, Sharpe's mother (who also testified for the government).
>
>Sometime in 1986, Nix discovered (or thought he discovered) that $200,000 of the money he had entrusted to Gillich and Halat in Biloxi was missing. Nix apparently suspected Mississippi state judge Vincent Sherry, former law partner to Halat. Judge Sherry purportedly was aware of Halat's involvement with Gillich. Moreover, Judge Sherry's wife, Margaret, a reform mayoral candidate, was also aware of the connection and had promised to shut down Gillich's Golden Nugget night club, the place to which Nix's funds were sent. The government alleged at trial that Nix, with the assistance of various scam participants, including Sharpe and her mother who travelled to Jackson to meet Ransom, hired him to kill the Sherrys. On September 14, 1987, the Sherrys were killed in their home.

*United States v. Sharpe*, 995 F.2d 49, 50-51 (5th Cir. 1993). As a result of this conduct, Nix was found guilty of: conspiracy, 18 U.S.C. § 371 (Count 1); wire fraud, 18 U.S.C. §§ 1343 and 2 (Count 2); and interstate travel in the commission of murder-for-hire, 18 U.S.C. §§ 1958(a) and 2 (Count 3).

Following his direct appeal, Nix filed a motion for new trial, a motion for relief pursuant to 28 U.S.C. § 2255, and two other actions for post-conviction relief—all of which were denied. The trial court denied the 28 U.S.C. § 2255 motion based on its finding that the motion had not been timely filed. That decision is currently on appeal in the Fifth Circuit.

3

### III. Discussion

Nix invokes 28 U.S.C. § 2241, arguing that he is actually innocent in light of the decision in *Rosemond v. United States,* 134 S. Ct. 1240 (2014). In *Rosemond,* the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense. The Supreme Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." *Rosemond,* 134 S. Ct. at 1249. A conviction for aiding-and-abetting "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id.* at 1248. Further, "the intent must go to the specific and entire crime charged." *Id.* For example, in *Rosemond,* intent was required for the full scope of a § 924(c) violation (predicate drug crime plus gun use). *Id.* The Court explained that "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id.* (quoting *Nye & Nissen v. United States,* 336 U.S. 613, 619 (1949)).

"The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law." *Berry v. Capello,* 576 F. App'x 579, 592 (6th Cir. 2014). However, the consensus among courts which have addressed this issue is that, because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review. *See, e.g., United States v. Davis,* 750 F.3d 1186, 1192–93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond,* a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Watford v. Matevousian,* 2015 WL 1498859, at *3 (E.D.Cal. Mar. 31, 2015) (refusing to apply *Rosemond* retroactively to the prisoner's § 2241 petition because the Supreme Court did not identify its

holding as being retroactively applicable); *Whitted v. Coakley,* 2014 U.S. Dist. LEXIS 156697 (N.D.Ohio Nov. 5, 2014); *Taniguchi v. Butler,* 2014 WL 5063748, at *5 (E.D.Ky. Oct. 8, 2014) (denying federal prisoner's § 2241 habeas petition based on *Rosemond* claim); *United States v. Foreman,* 2014 WL 4403445, at *1 (N.D.Okla. Sept. 5, 2014). These courts have it right. *Rosemond* does not apply retroactively to cases on collateral review.

Even if the court concluded otherwise with respect to retroactive application, moreover, Nix is not entitled to relief. Nix was not found guilty of violating 18 U.S.C. § 924(c) through a theory of accomplice liability. Going beyond this, if *Rosemond* is actually a decision touching on accomplice liability as a general matter, Nix was properly found guilty. Although imprisoned, Nix was in the driver's seat of the conspiracy. He not only had, but developed, advance knowledge of the intended misdeeds of his confederates. As was the case in *Berry,* the trial evidence supported the jury's determination that Nix possessed a state of mind extending to each of the crimes, including the necessary intent to aid and abet each, of which he was convicted. This is shown by summaries of and references to the evidence in Nix's direct appeal and in various other orders and decisions by the trial court. These circumstances show that Nix has not and cannot establish the third *Davenport/Brown* factor. Nothing in *Rosemond* decriminalizes the conduct for which Nix was convicted, *see Shipton v. Daniels,* 2015 WL 6738675, at *1 (S.D.Ind. Nov. 4, 2015)(citing *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012)), and Nix falls far short of showing that he is "imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d at 611.

## IV. Conclusion

"The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits

of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." *Id.* The dispositive question here is whether Nix's habeas claim permits him to traverse the portal created by § 2255(e). *It does not.*

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). The second and third *Brown* factors are absent here. Nix is not entitled to additional collateral review, based on *Rosemond* or any other factor.

Based on the foregoing, Nix has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/11/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KIRKSEY MCCORD NIX, JR.
20921-077
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel